IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| § | |
| V. § | CRIMINAL NO. SA:21-CR-00054-TSC |
| § | |
| MATTHEW MAZZOCCO § | |
| Defendant. § | |

**DEFENDANT'S REDACTED SENTENCING MEMORANDUM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

NOW COMES Defendant MATTHEW MAZZOCCO and asks the Court to impose a sentence of probation for Count Four of the Information pursuant to *Booker* and applicable statutory provisions, and in support would show the following:

Mr. Mazzocco has pled guilty to Count Four of the Information in this cause charging him with Parading, Demonstrating, or Picketing in a Capitol Building, 40 USC § 5104(e)(2)(G) punishable by 6 months imprisonment/$5,000 fine.

According to the guideline provisions and the Pre-Sentence Report, page 15, paragraph 66, the US Sentencing Guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.

This memorandum addresses why the factors in §18 U.S.C. § 3553(a), compel a sentence "sufficient but not greater than necessary" of 18 months probation, as recommended by United States Probation.

**A. The Framework for Sentencing: Advisory Guidelines as Only One of Many Factors Considered Under 18 U.S.C. § 3553(a).**

As the Court is well aware, *United States v. Booker*, 125 S.Ct. 738, (2005), has rendered the United States Sentencing Guidelines advisory in all cases. Accordingly, the Court must now

1

"consider Guidelines ranges" but must also "tailor the sentence in light of this statutory concern as well." *Id*.

Importantly, § 3553(a) is comprised of two distinct parts: the mandate to the Court contained in the prefatory clause of § 3553(a), and the factors to be considered in fulfilling that mandate. With respect to the mandate, § 3553(a) requires a District Court to impose a sentence *"sufficient but not greater than necessary"* to comply with the four purposes of sentencing set forth in § 3553(a)(2): (1) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, (2) to afford adequate deterrence, (3) to protect the public from further crimes of the defendant, and (4) to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

The "over-arching provision" of 18 U.S.C. § 3553(a) is to impose a sentence "sufficient, but *not greater than necessary*" to meet the goals of sentencing established by Congress. *Kimbrough*, 522 U.S. at 101 (2007) (emphasis added). Though this Court must still consider the sentencing guidelines, in cases in which they apply, the Supreme Court has held that the guidelines are "merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with the other § 3553(a) factors." *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006), *cert. denied*, 549 U.S. 856 (2006) (citing *United States v. Booker*, 543 U.S. 220, 245-46 (2005)). Additionally, in Pepper v. U.S. 131 S.Ct. 1229, 1242 (2011) ("sentencing judges overarching duty under § 3553(a) [is to] impose a sentence sufficient, but not greater than necessary to comply with the sentencing") Purposes set forth in § 3553(a). Further, the *Pepper* Court emphasized the need for individualized sentencing, reiterating "the principle that the punishment should fit the offender and not merely the crime,' Id @ 1240. Even if the District

2

Court denies the traditional downward departure on a certain mitigating factor, it may, nevertheless, consider the same factor justifying a downward "variance" and reach the same sentence under the §3553(a) analysis. *See U.S. v. Carter* 530 F.3d 565 (7th Cir. 2008). In a case such as this, where guidelines are not applied, the mandates under 3553 become the most important factors and only factors we are able to consider.

As the Court is well aware, 18 U.S.C. § 3553(a) provides the following seven categories of factors for the Court to consider when sentencing Mr. Mazzocco:

> (1) the nature and circumstance of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to –
>     (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) afford adequate deterrence to criminal conduct;
>     (C) protect the public from further crimes of the defendant; and
>     (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established by the Sentencing Commission for the applicable categories of offense and defendant;
> (5) any applicable and pertinent policy statement issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

First, although Mr. Mazzocco's crime was serious, he has pled guilty and taken responsibility for his actions. Mr. Mazzocco fully understands the severity of his actions and has taken the necessary steps to continue to be a productive member of society. Secondly, Mr. Mazzocco is not a threat to the community and the public is not in danger of Mr. Mazzocco committing any future crimes. Mr. Mazzocco was arrested and released on bond for this case on January 19, 2021. He has complied with everything the Court has instructed him to do and will continue to do so if placed on probation. Lastly, Mr. Mazzocco is truly motivated and is willing to

pay any restitution, fine, or community service the court deems appropriate as conditions to his sentence.

A proposed sentence of 18 months probation will sufficiently punish Mr. Mazzocco for his criminal conduct. Mr. Mazzocco and Counsel respectfully submit that the § 3553(a) factors support such a sentence, which is "sufficient" to accomplish the goals of the statute and a term of imprisonment is "greater than necessary" to achieve the same goals.

## ACCEPTANCE OF RESPONSIBILITY

Mr. Mazzocco has taken responsibility for the crime he has been charged with and pled guilty to Count Four of the Information on July 2, 2021. Mr. Mazzocco is sincerely remorseful of his previous actions, as noted by United States Probation in the sentencing recommendation filed September 20, 2021.

**Nature and Circumstances of the case and Mr. Mazzocco's Personal History and Characteristics, 18 U.S.C. § 3553 (a)(1)**

Mr. Mazzocco was born on September 20, 1983, in San Antonio, Texas and is 38 years old. Mr. Mazzocco is the eldest of four children born to [redacted]. Mr. Mazzocco was raised in a loving home where his parents instilled Christian values and emphasized the importance of working hard and helping others.

Mr. Mazzocco is a lifelong resident of San Antonio, Texas. Growing up Mr. Mazzocco had a stable life and was not subject to abuse or neglect and is still very close with all of his family members. All of the defendant's family members are aware of his current legal issues and have remained supportive of him through the process. On [redacted], Mr. Mazzocco married [redacted]. Mr. Mazzocco and [redacted] [redacted], who will be two years old in November of this year. Mr. Mazzocco has raised his [redacted] and has been the father figure in [redacted].

4

Mr. Mazzocco has accepted full responsibility for his actions and has shown sincere remorse for the decisions he has made and the impact it has had on his family.

**The Need for the Sentence Imposed, 18 U.S.C. § 3553(a)(2).**

A higher sentence of imprisonment is not necessary to deter Mr. Mazzocco from repeating the conduct in the future. A sentence of probation is sufficient to deter any future criminal behavior. Mr. Mazzocco understands the consequences that have come from his involvement in this crime and he is truly committed to making better choices moving forward. A sentence of probation is sufficient to prevent Mr. Mazzocco from committing any future crimes. In the unlikely event that Mr. Mazzocco did commit a future crime, the public would be protected by the revocation of his probation.

A sentence of probation can still adequately reflect the seriousness of the offense charged in the present case, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A).

**The Kinds of Sentences Available, 18 U.S.C. § 3553(a)(3).**

Statutorily, probation is available to Mr. Mazzocco, and the guidelines do not apply in his case. Accordingly, the Court could grant his request for a sentence of probation with numerous restrictions to account for the punitive needs of sentencing. As required, Mr. Mazzocco would gladly perform community service, pay a fine and any restitution the court deems necessary as conditions of probation and attend any classes required.

**A. Advisory Guideline Factors and Guideline Policy Statements, 18 U.S.C. § 3553(a)(4-5).**

In accordance with the plea agreement, Mr. Mazzocco invites the Court to review and take into consideration the entire sentencing guidelines, statutory provisions and policy statements.

**The Need to Avoid Unwarranted Sentencing Disparities and Restitution to Victims, 18 U.S.C. § 3553(a)(6) and (7).**

As seen in his plea, Mr. Mazzocco has pled to Count Four of the Information and has taken responsibility for his actions. The true victims in Mr. Mazzocco's eyes have been his family and the Country he loves. He has seen the pain and heartbreak he caused so many who love him and regrets the choices he made. Mr. Mazzocco understands the gravity of his crime and a sentence of probation would be sufficient under these circumstances.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court seriously consider a sentence of 18 months probation, finding it meets the "sufficient but not greater than necessary" requirement of §3553. Mr. Mazzocco requests that the Court follow the recommendations made by the United States Probation Office, including the request to transfer his case to the Western District of Texas, specifically, the San Antonio Division upon completion of his sentencing, for any probation or supervised released period the Court orders. Mr. Mazzocco would also like the opportunity to address these issues further, through counsel, at the time of his sentencing. In addition, the Defendant requests the Court take the attached exhibits into consideration when assessing his sentence.

Respectfully submitted

ROBBIE WARD
SBN: 24033435
530 Lexington Avenue
San Antonio, Texas 78215
210-758-2200
robbie@robbiewardlaw.com

　　　　　　/s/
ROBBIE WARD

6

**CERTIFICATE OF SERVICE**

   I do hereby certify that a true and correct copy of the foregoing Redacted Sentencing Memorandum was electronically filed with the Clerk of this Honorable Court using the CM/ECF system and via e-mail to Kimberley Nielsen, Assistant United States Attorney.

SIGNED on this the 6th day of October 2021.

                                                           /s/
                                        ROBBIE WARD